## Iva Nicholson, Appellee, v. City of Clinton, Appellant.

1. EVIDENCE—*when accident occurring within corporate limits of city sufficiently established.* Held, under the evidence, that this question was sufficiently established by proof that the street upon which the accident happened had for fifteen years or more been in use by the public in the city in question.

2. CONTRIBUTORY NEGLIGENCE—*when person using street not guilty of.* Held, under the evidence, that the jury were justified in finding that the plaintiff who was injured through a defective sidewalk although familiar with the street in question was not, under the circumstances, shown, guilty of contributory negligence in using the same.

Action in case for personal injuries. Appeal from the Circuit Court of De Witt county; the HON. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 14, 1911. Rehearing denied and opinion modified November 11, 1911.

W. F. GRAY and LEMON & LEMON, for appellant.

L. E. STONE and HERRICK & HERRICK, for appellee.

Mr. Presiding Justice Philbrick delivered the opinion of the court.

Appellee recovered judgment in DeWitt Circuit Court for $930 on account of injuries occasioned on account of negligence of the city in failing to keep a sidewalk on North Moore street in proper repair and condition. The city prosecutes an appeal from this judgment.

The declaration in numerous counts charges negligence on the part of the city of Clinton in failing to keep and maintain in proper condition and repair a sidewalk located on the west side of North Moore street in the city of Clinton, that by reason of the failure to keep such sidewalk in proper repair and condition, appellee fell at a place about midway between Johnson and Macon streets, broke her leg, suffered other injuries, and suffered great pain.

Appellant insists that the judgment should be reversed because there is no proof that the accident occurred within the corporate limits of the city of Clinton, that there is no proof that the city of Clinton builded or attempted to maintain the sidewalk in question, that there is no proof that the place where the accident occurred was a street in the city of Clinton, and also for errors in the admission and rejection of evidence and instructions given and refused by the trial court; also on account of improper remarks by counsel for appellee in his argument to the jury.

Upon the question raised as to whether the injury occurred upon a public street within the city of Clinton several witnesses have testified that the accident occurred within the corporate limits of the city of Clinton, that the street had been in use for fifteen or more years by the public in the city of Clinton, and that the city employed the persons who builded the sidewalk. Appellant offered no evidence upon these questions whatever and the evidence on the part of appellee in

the record is sufficient to sustain the finding of the jury that the street was a public street within the corporate limits of the city of Clinton, and that the sidewalk was constructed by the city of Clinton.

There is no dispute in the record upon the question of appellee being injured by falling upon this sidewalk and there is no contradiction of the evidence that the sidewalk was in broken and unsafe condition, that the holes complained of existed and that the accident occurred at one of the places where a hole is alleged to have existed for several months, and the jury were warranted in finding that the city was negligent in failing to repair or keep this walk in reasonably safe condition for use, etc.

The only evidence offered on behalf of appellant was upon the question of the extent of appellee's injuries. There is no controversy but what she sustained a fracture of both bones of the right leg above the ankle, that she suffered severely from these injuries, that she was confined to her bed for six weeks, or more, and that she was compelled to and did use crutches from the time she was able to leave her bed until about the first of August, the injury having occurred on the 29th of March. There is some evidence of other injury and some evidence that the right limb was shortened about half an inch by reason of the injury, and upon this condition of the proof the jury were warranted in returning a verdict for $930.

It is insisted by appellant that plaintiff was not in the exercise of due care at the time of the injury, that she had lived in this neighborhood for nearly a year, that she had occasion frequently to pass over the walk and knew its condition, and that on the morning in question she had passed over the walk within half an hour before the accident. A slight snow had fallen the night before the injury, but had melted from the walk and the ground was wet and muddy. The walk

was originally built two feet wide of fencing boards laid lengthwise. The walk was wet at the time of the injury and while appellee was aware of the condition of the walk, it was a question for the jury to determine whether or not she was in the exercise of due care at the time of the injury, considering all the circumstances surrounding the accident, and we are satisfied that the jury were warranted in finding that appellee was in the exercise of due care and caution. While the record discloses that she slipped upon the walk it also shows that her foot caught in this hole, and the jury were fully warranted in finding that the hole was the proximate cause of the injury.

Appellant insists that the court erred in admitting the evidence that appellee had a family consisting of her husband and three small children. Appellee's counsel asked appellee who composed her family; the question was answered but was immediately withdrawn by counsel and the answer excluded by the court as not being proper. This is the only reference to the family so far as the evidence of appellee is concerned. Appellant in the examination of its witnesses as to the cause of the injury and the circumstances surrounding it at that time, produced several witnesses who testified that appellee informed them soon after the accident that she was hurrying home to her children, and appellant brought the fact out by numerous witnesses that appellee had children at home, and this fact was referred to by counsel for appellant in the argument to the jury; consequently, appellant is not in position to complain that the record discloses that appellee had children. The husband was produced as a witness in the case but not upon the question of whom the family consisted, and appellant is not in a position to complain that appellee testified that she had a husband and three children.

While the remarks of counsel complained of are sub-

ject to criticism the question of what remarks shall be permitted is ordinarily left to the sound discretion of the trial judge. The defendant does not seem to have been injured in any way by the remarks complained of and we presume the trial court considered them justifiable as no ruling was made thereon.

We have examined the instructions given to the jury, as well as those requested by appellant and refused, and find that the jury were fairly and sufficiently instructed, that there is no prejudicial error therein, and that the refused instructions on behalf of defendant were properly refused.

There being no reversible error in this record, the judgment is affirmed.

*Affirmed.*